UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN CHAIRCAR SERVICES, LLC<br>and LUIGI CAMMAROTA | :<br>:<br>: |
| VS. | : CIVIL ACTION NO.<br>: |
| VEYO, LLC and<br>TOTAL TRANSIT, INC. | :<br>: JUNE 1, 2020 |

## **C O M P L A I N T**

COUNT ONE

1. This is an action for brought by citizens and residents of the State of Connecticut against citizens and residents of the State of Arizona. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

2. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

3. The plaintiff American Chaircar Services, LLC, is a single-member Connecticut Limited Liability Company having its principal place of busines in Trumbull, Connecticut. The owner and sole member of the plaintiff American Chaircar Services, LLC, is the plaintiff Luigi Cammarota, who is a resident of

Trumbull, Connecticut.

4. The defendant Veyo, LLC, is an Arizona Limited Liability Company having its principal place of business in Phoenix, Arizona. It is managed by the defendant Total Transit, Inc., which is an Arizona corporation having its principal place of business in Glendale, Arizona.

5. At all times mentioned herein, the defendants were engaged in trade and commerce in the State of Connecticut within the meaning of Section 42-110a of the Connecticut General Statutes.

6. On or about November 22, 2017, the defendants entered into a written agreement with the plaintiffs by the terms of which the defendants would receive requests for nonemergency medical transportation in the State of Connecticut from individual passengers or the Connecticut Department of Social Services and would assign such transportation to the plaintiffs.

7. It was an implied provision of the aforesaid contract that in all of their dealings with the plaintiffs the defendants would act in good faith and deal fairly with the plaintiffs.

8. The defendants are the only Non-Emergency Medical Transport ("NEMT") entity utilized by the State of Connecticut to arrange transportation for Medicaid and HUSKY Health members and therefore is the single dominant source for assigning work to NEMT companies in Connecticut. The defendants

are required to properly, consistently and fairly oversee the assignments of work to a pool of qualified, trained agents.

9. From the inception of the aforesaid contract, to and including the present time, the defendants have unfairly and deceptively routed calls for service away from the plaintiffs and to other competing but less qualified providers, in part for the economic benefit of the defendants to the economic detriment of the plaintiffs and have attempted to conceal such wrongful activity from the plaintiffs. As recently as May 22, 2020, a regular customer of the plaintiffs named Ms. L., who is nonambulatory, was transported to a medical appointment by the plaintiffs but without notice to the plaintiffs and without any excuse or justification the defendants took that customer from the plaintiffs and reassigned her to another provider for her return trip. Similarly, on May 19, 2020, a regular customer of the plaintiffs named Mr. T., of Stamford, Connecticut, requested the defendants to provide a wheelchair car for his mother, who is nonambulatory. Without notice to the plaintiffs and without excuse or justification, the defendants assigned a non-wheelchair car of another provider to the case, again resulting in economic loss to the plaintiffs and potential economic benefit to the defendants.

10. Incidents such as those delineated in Paragraph 9 have occurred repeatedly from December 2017 to the present, and have caused the plaintiffs to

suffer economic losses well in excess of one hundred thousand dollars.

11. Among other things, the defendants have consistently assigned work to unqualified competitors of the plaintiffs which, unlike the plaintiffs, are not subject to biannual inspections, mandatory safety equipment in their vehicles, and training and minimum endorsements for drivers such as a Passenger Assistance Safety and Sensitivity driver training program. The defendants' purpose in doing so is to utilize competitors which charge the defendants lower rates because they are unqualified, and thereby increase the defendants' profit margin.

12. Between February 28, 2020, and March 20, 2020, the plaintiffs sent no less than twenty emails and ten voicemails to the defendants' "Point of Contact," Darnicia Ellison requesting clarification or remediation of the said unfair activities of the defendants. Every one of those thirty communication attempts was ignored by the defendants.

13. On or about February 19, 2020, the Connecticut Auditors of Public Accounts, having conducted an audit of the defendants, concluded that the Connecticut Department of Social Services was being victimized by the defendants' practice of subcontracting with paratransit programs having on-time rates lower than 75% of all other third-party transportation providers, by the defendants' failure to treat all transportation network companies consistently, by

the defendants' practice of not providing wheelchair transportation for persons requiring wheelchair transportation, and by the defendants' failure to administer a knowledge-based test for all drivers to ensure their understanding of all required training prior to allowing drivers to provide NEMT.

14. In the manner described above, the defendants engaged in unfair and deceptive acts and practices in trade and commerce within the meaning of Section 42-110b of the Connecticut General Statutes.

15. As a result, the plaintiffs have suffered ascertainable economic loss and emotional distress.

WHEREFORE the plaintiffs claim judgment against the defendants pursuant to Section 42-110g of the Connecticut General Statutes for compensatory damages, punitive damages, attorney fees and costs.

COUNT TWO

1 - 13. Paragraphs 1 through 13 of Count One are made Paragraphs 1 through 13 of Count Two.

14. In the manner described above, the defendants have breached their implied contractual duty to the plaintiffs of good faith and fair dealing.

WHEREFORE, the plaintiffs claim judgment against the defendants for compensatory damages.

THE PLAINTIFFS

BY: _____/s/_____(ct00215)_____
    JOHN R. WILLIAMS (ct00215)
    51 Elm Street
    New Haven, CT 06510
    203.562.9931
    Fax: 203.776.9494
    jrw@johnrwilliams.com